**HUNTON ANDREWS KURTH LLP**
Robert T. Quackenboss (*pro hac vice forthcoming*)
rquackenboss@hunton.com
Jason P. Brown (SBN 296688)
brownj@hunton.com
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: 202 • 955 • 1500
Facsimile: 202 • 778 • 2201

J. Drei Munar (SBN 320820)
jdreimunar@hunton.com
50 California Street, Suite 1700
San Francisco, CA 94111
Telephone: 415 • 975 • 3700
Facsimile: 415 • 975 • 3701

Attorneys for Defendants
UNIVERSAL BUILDING MAINTENANCE, LLC d/b/a ALLIED UNIVERSAL JANITORIAL
SERVICES; UNIVERSAL SERVICES OF AMERICA, LP; UNIVERSAL PROTECTION
SERVICES, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SALAZAR, on behalf of himself and others similarly situated, | Case No.: |
| Plaintiff, | **DEFENDANT UNIVERSAL BUILDING MAINTENANCE, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | [28 U.S.C. §§ 1331, 1367, 1441, 1446] |
| ALLIED UNIVERSAL JANITORIAL SERVICES, LLC; ALLIED UNIVERSAL SECURITY SERVICES; ALLIED UNIVERSAL; UNIVERSAL BUILDING MAINTENANCE, LLC; UNIVERSAL SERVICES OF AMERICA, LP; and DOES 1 to 100, inclusive, | (Alameda County Superior Court Case No. RG21094608) |
| | Complaint Filed:      April 2, 2021 |
| Defendants. | |

**Hunton Andrews Kurth LLP**
**2200 Pennsylvania Avenue, NW**
**Washington, D.C. 20037-1701**

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Universal Building Maintenance, LLC d/b/a Allied Universal Janitorial Services ("UBM" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction in the form of federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts a claim arising under the laws of the United States. The remaining entity defendants who have been properly joined and served, who are all represented by counsel for UBM, consent to removal pursuant to 28 U.S. C. § 1446(b)(2)(A).[1]

UBM states the following in support of this removal:

## I.      SUMMARY OF COMPLAINT

1.      On April 2, 2021, Plaintiff Jorge Salazar ("Plaintiff") filed an unverified class action complaint in the Superior Court of the State of California for the County of Alameda, entitled *Jorge Salazar v. Allied Universal Janitorial Services, LLC et al.*, Case No. RG21094608 ("Complaint"). The Complaint alleges five causes of action: (1) Failure to Provide Proper Disclosures in Violation of 15 U.S.C. § 1681b(b)(2)(A) (Fair Credit Reporting Act ("FCRA")); (2) Failure to Provide Summary of Rights in Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (FCRA); (3) Violation of California Civil Code §§ 1786 *et seq.* (Investigative Consumer Reporting Agencies Act ("ICRAA")); (4) violation of California Civil Code §§ 1785 *et seq.* (Consumer Credit Reporting

---

[1] Plaintiff was employed by UBM, which does business as Allied Universal Janitorial Services, at all relevant times. The other entity defendants never employed Plaintiff, either directly or indirectly, which defendants will prove in due course. "Allied Universal Janitorial Services, LLC" is not an existing entity. "Allied Universal Security Services" is a fictitious name used by Universal Protection Services, LLC. "Allied Universal" is not an existing entity. Rather, there are several entities that contain "Allied Universal" in their legal name or that contain "Allied Universal" in a d/b/a. Plaintiff's description of "Allied Universal" in his Complaint as a "business of unknown formation and is and was doing business in the State of California" (Complaint ¶ 17) is not sufficient to put Defendants on notice of which "Allied Universal" entity the Complaint purports to name as a defendant.

Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.: _____

1   Agencies Act ("CCRA")); and (5) Violation of Business and Professions Code §§ 17200 *et seq*

2   (Unfair Competition).

3       2.      On April 21, 2021, Plaintiff caused the Complaint, Summons, and Civil Case

4   Cover Sheet to be served on UBM, Universal Services of America, LP, and "Allied Universal."

5   True and correct copies of the Complaint, Summonses, and Civil Case Cover Sheet served on

6   Defendants are attached as **Exhibit 1** and are incorporated by reference.

7       3.      On April 12, 2021, the Superior Court of the State of California for the County of

8   Alameda issued a Notice of Hearing, setting this matter for a complex determination hearing and a

9   case management conference.  The Notice is attached hereto as **Exhibit 2** and is incorporated by

10  reference.

11      4.      On May 20, 2021, Defendants filed and served their Answer to the Complaint.  A true

12  and correct copy of Defendants' Answer is attached hereto as **Exhibit 3** and is incorporated by

13  reference.

14      5.      The Summonses, Civil Case Cover Sheet, Complaint, Notice of Hearing, and the

15  Answer (attached hereto as **Exhibits 1-3**, respectively) constitute all process, pleadings and orders

16  that have been filed in this action.

**II.    THE REMOVAL IS TIMELY**

17

18      6.      Because UBM is filing this Notice of Removal within 30 days of service of receiving

19  service of the Complaint, it is timely under 28 U.S.C. §§ 1446(b).

20      7.      UBM has not filed or made any previous Notice of Removal with this Court for the

21  relief sought.

**III.   FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331**

22

23      8.      This is a civil action over which this Court has original jurisdiction pursuant to 28

24  U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a).

25      9.      Federal question jurisdiction exists under 28 U.S.C. § 1331 where the Complaint

26  asserts a claim "arising under the Constitution, laws, or treatises of the United States." *See* 28

27  U.S.C. § 1331; *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393-94 (9th Cir. 1988) ("When a

28

Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

**DEFENDANTS' NOTICE OF REMOVAL
CASE NO.: _____**

plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court."). The presence or absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule, which provides that federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Ethridge*, 861 F.2d at 1394.

10. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged two claims under the FCRA, 15 U.S.C. §§ 1681 *et seq.*, which is a federal statute and presents a federal question.

11. Plaintiff's state law claims arise out of the same case or controversy as the federal claims over which this Court has original jurisdiction because all such claims relate to Plaintiff's purported employment with UBM. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for any claims over which it does not have original jurisdiction, but that "form part of the same case or controversy" because they involve "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiff's non-FCRA claims arise from the same alleged acquisition and use of various reports as Plaintiff's FCRA claims, and thus all of Plaintiff's claims arise out of a common nucleus of operative facts. *See, e.g.*, Complaint ¶¶ 4-8, 23-50, 60-130. Plaintiff allege that Defendants' "'Notice to Consumer" form that supposedly violates the FCRA also violates the ICRAA and CCRAA. *Id.* Plaintiff further alleges that the claimed violations of the FCRA, ICRAA and the CCRAA are "unlawful business practices" that violate the California unfair competition law. *Id.* at ¶¶ 125-130.

12. Therefore, pursuant to 28 U.S.C. § 1367(a), this Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV. UBM HAS SATISFIED THE PREREQUISITES FOR REMOVAL

13. As set forth above, UBM files this Notice of Removal within thirty (30) days of Plaintiff's service of process and all process, pleadings, and orders filed in this action are attached hereto in **Exhibits 1-3**.

Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

4

14.    This action was originally brought in the Superior Court of the State of California for the County of Alameda.  Therefore, this is the appropriate Court for removal. 28 U.S.C. § 1441(a), 1446(a) and 84(a).

15.    As required by 28 U.S.C. § 1446(d), UBM will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Alameda.

16.    UBM is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.  In addition, Doe defendants need not be joined in a notice of removal.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 213 (9th Cir. 1980).

17.    UBM has previously sought no similar relief.

18.    If any question arises as to the propriety of the removal of this action, UBM requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

19.    By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, UBM does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

**WHEREFORE**, UBM respectfully requests that this action be removed from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.

DATED:  May 21, 2021                                HUNTON ANDREWS KURTH LLP


By: */s/ Jason P. Brown*
                                                                      Robert T. Quackenboss
                                                                      Jason P. Brown
                                                                      J. Drei Munar

                                                              Attorneys for Defendants

Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

121292.0000006 EMF_US 85029669v3

**DEFENDANTS' NOTICE OF REMOVAL**
**CASE NO.:** _____